SCHOTT, Judge.
This is an action of nullity brought by Herbert E. Mills as to a judgment of November 3, 1978, dismissing with prejudice his tort suit filed against Struby L. Drumm, Jr., Drumm and Associates, Inc., and Coffee King, Inc.
Plaintiff’s original suit was filed in April, 1976, and in April, 1978, his counsel of record filed a rule against the defendants to show cause why he should not be allowed to withdraw as counsel. The resulting judgment permitted the withdrawal of plain *80 tiff’s counsel from the proceedings but fixed the merits of the case for trial on October 12, 1978. A copy of this judgment was personally served on the plaintiff on August 8.
On October 12 defendants filed a rule against plaintiff to show cause, on November 3, why his suit should not be dismissed with prejudice because of his failure to appear for the trial. The sheriff’s return shows plaintiff was served in person with the rule on October 18.
Plaintiff did not appear for the trial of the rule and judgment dismissing his suit with prejudice was rendered and signed by the court on November 2, 1978.
In his petition to annul this judgment plaintiff alleged that he was not personally served with the rule, contending that only personal service was appropriate since service was made at his place of business.
At the trial of the action of nullity the deputy sheriff who made the service testified that he had no independent recollection of the particular paper in question because there were many lawsuits being filed against and many papers being served on plaintiff, but he insisted that personal service was made on the basis of the return which he signed. Plaintiff testified that he was not served with the paper in question. He called as a witness his son who testified that he was served with this particular paper at his father’s place of business at the time when the service was purportedly made.
In this court, plaintiff contends that the trial judge erred as a matter of law in failing to accept the testimony of plaintiff and his son over the testimony of the deputy sheriff, considering that the deputy admitted having no independent recollection of this particular paper being served on plaintiff in person. Defendants rely on C.C.P. Art. 1292’s declaration that the sheriff’s return shall be considered prima facie correct and contend that the self serving statements of plaintiff and his son are insufficient to rebut the presumption established by the article.
We have concluded that the action of nullity was properly dismissed.
When the case was set for trial on October 12 and plaintiff made no appearance the stage was set for the implementation of C.C.P. Art. 1672, which provides as follows:
“A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice.”
In their brief defendants state that on plaintiff’s failure to appear for trial on October 12 their counsel orally moved the court for an order of dismissal which was denied, and the court instructed that a rule be filed against plaintiff to show cause why his case should not be dismissed.
Since defendants’ rule was an “application” within Art. 1672 the trial judge was required to dismiss the suit under the article’s mandatory language, and since defendants were entitled to an ex parte dismissal the question of service of the rule is immaterial.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
ON APPLICATION FOR REHEARING
In his application for rehearing plaintiff contends that our original opinion is based on the assumption that defendants’ counsel moved to dismiss plaintiff’s case on October 12 but since this is not reflected in the record we should not consider it. He also complains because we based our judgment on an issue not raised by the parties.
Without retracting any part of our original opinion, we supplement it to the extent that an examination of the testimony taken at the trial of the nullity action does not provide a basis for reversing the trial judge. The only weakness (if it can be styled as such) of the testimony of the deputy sheriff was that he could not remember this particular paper from among *81 all of those which he was serving on defendant around this time. However, he did not waver in his testimony that he must have served the paper in person on defendant, otherwise, the return would not say so. The self-serving testimony of plaintiff and his son is not necessarily sufficient as a matter of law to prevent the trial judge, who had the benefit of observing and hearing these witnesses in person, from deciding that the testimony was insufficient to rebut the presumption of service created by the testimony of the sheriff and the return.
The application for rehearing is denied.
REHEARING DENIED.